May it please the Court, Muna Busela, on behalf of the Appellant and Defendant, Lt. John Jenal, with the LAPD, we respectfully request two minutes be reserved for rebuttal. Mr. Director, can I have the clock? Thank you. The legal issue presented before the Court is whether or not Lt. Jenal is entitled to qualify to reappear. We contend that the trial court erred in defining the clearly established prong too broadly. As such, we ask this Court to reverse the District Court's decision on qualified immunity. As this Court is aware, and the Supreme Court is indicating, the Courts have been cautioned to not define the clearly established prong with too high of a level of generality, and in this case we believe the District Court did by defining the clearly established prong as the use of non-trivial force against a non-threatening, non-resistant individual. We don't think that that definition is narrow enough in taking in the specific context of this case, as well as taking into the context of the totality of what was going on at the time that Lt. Jenal was facing the group of protesters. But you agree we have to construe the facts in a light most favorable to the point? Yes, of course, Your Honor. I just think that the Court has not, the District Court, made it too broad, and in doing so then eliminated the ability of considering the clearly established prong correctly against this case. And so as I understand your argument about what the circumstances are that are relevant, a key one seems to be that the officer didn't see that the object that was being held was just a phone rather than, you know, a weapon or something else. Is that right? Correct, Your Honor. And why isn't that a disputed fact? It very well could be a disputed fact. The fact that this case has disputed facts does not mean that he's still not entitled to qualified immunity under the clearly established prong, if not under the objective reasonableness of the force. Well, but no, I mean, to the extent that your argument for qualified immunity depends upon the fact that he didn't know that it was only a phone, if a jury could find that he did know that it was only a phone, then the argument based on the circumstances where he didn't know goes away, doesn't it? Yes, but that imputes hindsight. Because the jury would have to... It's not hindsight. It's just sight. Right? He sees the object there, and we have his declaration that he didn't see the phone. Yes. And nobody can contradict that by direct evidence of what he actually saw. But we have the video. We have testimony about the phone was plainly visible. And so from those things, a jury could believe him or it could not believe him. And it could infer that he actually did see it, couldn't they? Correct, and the fact that he did see that the object was a phone then would lead to whether the force could have been reasonable. But the court has also allowed for breathing room so that mistakes of judgment could be made since this is a rapidly evolving incident. So it could be that, yes, he saw it, did not have the attention to confront the fact that it was a phone in that instant, later determined it was a phone, and used force as he did in this case. It's striking what he thought was the object. It seems to me that the challenge that you're making, your client is making here on appeal really has to do with exactly what you just described, which is whether or not the district court's determination that there is a genuine issue of material fact is incorrect. Because all of what you've argued so far really doesn't go to the clearly established problem. It goes to the genuine issue of material fact. Would you agree with that? Yes, based on the question that was presented, I divert it. However, we would like the court to focus on the clearly established problem. Because if it's written or defined... Exactly what you're wanting us to focus on, because as I read your brief at page 15, you essentially concede that it's clearly established that an officer may not use an overhand baton strike on a non-threatening, law-abiding individual. Do you agree with that? Yes. Yes, the law is clearly established on that point. However, that is not the facts that we have. The court, the district court, did not include or consider in its definition the specific facts that we deal with in this case. So we contend that it's taking it out of the context. It's not involving... Maybe a more appropriate definition would be something along the lines of a baton strike against a non-violent, non-resistant individual who is in and amongst a violent group of protesters who were grabbing at the baton and assaulting the officer. It's clearly established. We don't have that. And assuming that was the definition, it's not established in this case. The district court made it too broad for it to encompass the specific facts. And there's no case law that squarely governs the kind of situation that Lieutenant General was in. Well, you're positing a fact situation that would make it difficult for him to know what was in the person's hand. But that's your version of the facts. That's not the plaintiff's version of the facts. The plaintiff's version of the facts is that he should have known that this person was not a threat because the situation was such that he could observe what was there. Correct, Your Honor. But since the case, the whole incident takes place over a very small amount of time, maybe three seconds, his ability to identify what he was facing before him while his baton was being grabbed, while he's being struck, while he's being yelled at. And that's what juries are for. Correct, Your Honor. But if taking all that as an objectively reasonable situation, then his force can be construed as lawful as opposed to violating the Constitution. And either way, the definition given or the way it was defined in the summary judgment decision by the court, it's too broad for this to be. If you put him, all reasonable officers on notice, that striking somebody in the middle of a chaotic situation that's rapidly escalating would constitute clearly established law that he violated. If we go to the fact that the issue of objective reasonableness, which is what the – oh, prior to that, may I? We would like to draw the court's attention to the fact that if you look at Plaintiff Appellee's Exhibit 11, there are two items that are Exhibit 11 that appear to be before the court. Both of them are videos. One is a body-worn camera video from one of the officers. We're not referring to that one. I'm referring to the one that's the critical incident debrief by LAPD. In that video, which is submitted by the Plaintiff Appellee, if it's paused at 7 minutes 36 seconds, you'll see what Janal was facing, which is hands on his batons, pulling at his batons, and right within inches is the plaintiff's fingers and hands and his phone. All of that is all in the same mix as Janal is trying to confront the facts of what was going on in that situation. So if you get a chance to review that, it may bring some light to what we were arguing with respect to so much going on at one time and his ability to make that determination, including the fact that he needs to be given some breathing room with respect to potentially mistakes. Additionally, in distinguishing the facts that the district court brought up with respect to the non-passive, non-resistant, we don't have those facts here, so I don't think they're applicable to help support the district court's decision that the law was clearly established. All of those facts, I mean all of the cases that were cited by the district court in support, deal with a non-resistant, non-passive type of individual, which we don't have. And going to the reasonableness of the force, we contend taking the totality of the circumstances that Janal was facing, including from the perspective of a reasonable officer on the scene, as opposed to imputing 20-20 hindsight, we think that the facts lend itself to demonstrate that it was a chaotic pandemonium type situation with hands everywhere being pushed, yelled at, grabbed at, and he sees an arm reached up, and even looking at the deposition testimony of the plaintiff, he admits that he was in the midst of what was going on in front of him. His hand was to the outside, but he was pushing it in the area of the center of what was going on in front of him. So it can be reasonably construed that Janal sees that as a threat, rising up, identified object in his hands, and he strikes therein. And for those purposes, we think that the court should reverse some judgment. Thank you. Thank you. We reserve the rest of your time. Mr. Washington. Good morning, Your Honor. May it please the Court, John Washington for Plaintiff at the Lee. I think it's worth touching on the facts of what happened here. Plaintiff was compliant and backed up when he was asked to. He was a journalist. He had a 5-by-7-inch sign saying he was a journalist. He committed no crime for approximately 20 seconds before the strike. Kennedy et al. has seen Plaintiff with a phone in his hand, in the same hand, in the same position. And we must construe the facts in a light most favorable to your client, right? That's correct, Your Honor. I think it's a fundamental issue in this case. Plaintiff, seeing this camera, is directly in the line of sight of Lieutenant et al., and he's backing away from Lieutenant et al. when he strikes him. So it's clearly established under our set of the facts that you can't strike a non-violent, non-threatening protester. And your friend on the other side conceded that point. Correct. I think that's another issue. Fundamentally, the case comes down to whether Lieutenant et al. could perceive what Plaintiff's name was doing. They say he can't, but that's very much a jury question. This was addressed by two of Your Honors in Peck v. Montoya, which outlines in detail the posture here as well, which is that you have to accept, in addition to accepting the facts in the light most favorable to the plaintiff, you have the facts that the district court found. The district court himself found that there was, that a reasonable jury could find that Plaintiff's name was not a threat at all, and it was merely a journalist recording. And based on those facts, as conceded by my opponent, there is no qualified immunity. So as much as he tries to fight those facts, that's... Well, that's not actually a finding of fact. That's a construction of the facts in your favor, I think. Rather than acting as a fact finder. I do think it's a fact, and it's a question that a jury could find, was Lieutenant et al. reasonably viewing any sort of threat. So as far as the district court found a jury could find, that was not the case. I do think that is... I'm just clarifying he wasn't doing the jury's job by finding that fact. I'm correctly saying the jury would be able to find that fact. So I don't think there's much of an issue here that there is a qualified immunity if the facts are construed as we allege and as the district court found. I think that a reasonable jury could very much find that. I'm happy to go into more details with the record if that's helpful, but both the jury could find that, and the district court found that a jury could find that. So I don't think there's a significant issue here. It's just a dispute of facts. If there are no further questions, thank you for your time. Thank you. I have nothing further to add. Thank you very much. We thank both counsel for the arguments and the cases submitted.
judges: SCHROEDER, MILLER, DESAI